Submitted January 16, affirmed February 20, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DREW JAMES DAVIS,
*Defendant-Appellant.*

Coos County Circuit Court
17CR32193, 17CR36901;
A167887 (Control), A167888

457 P3d 1116

Martin E. Stone, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Sercombe, Senior Judge.

PER CURIAM

Affirmed.

## PER CURIAM

In this consolidated criminal appeal, defendant appeals judgments of conviction, entered after a bench trial, for one count of felon in possession of a firearm, ORS 166.270(1); one count of unlawful possession of a firearm, ORS 166.250; and one count of failure to appear, ORS 162.205. He raises two assignments of error, both of which challenge his sentences. He contends that the trial court (1) abused its discretion by refusing to grant a new sentencing-enhancement trial or, alternatively, by refusing to strike certain testimony, as a sanction for a discovery violation by the state; and (2) erred in determining that defendant's sentence for failure to appear could be enhanced on the basis that he committed that crime for the purpose of evading prosecution (in addition to other bases for enhancement that the trial court concluded independently warranted enhancement). In response, the state argues that the court did not err in either respect but that, if it erred in one way or the other, the court's speaking verdict shows that either alleged error had little likelihood of affecting the court's decision. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (articulating test for harmless error). Having considered the record, we agree with the state that the alleged errors by the trial court—if errors—were harmless under the circumstances of this case, and we affirm for that reason.

Affirmed.